## GREEN v. COUNTY COMMISSIONERS.

1. On appeal from the County Commissioners to the Circuit Court, the only questions before that court are the errors of law and fact alleged in the grounds of appeal.
2. The law does not require the Board of County Commissioners to demand further proof of a claim presented against the county, where the proof submitted does not satisfy them of the correctness of the claim. The proviso to section 623, General Statutes, is permissive only.
3. A claim presented by a practising physician against the county for fees for examining lunatics was properly rejected by the Board of County Commissioners, the claim not showing on its face that the lunatics were paupers, or that he had been called upon by a proper officer to make such examinations.
4. Whether the Circuit Court can remand a case to the County Commissioners for a new trial, not determined.

Before PRESSLEY, J., Richland, November, 1886.

Dr. Frank Green presented a claim to the county commissioners of Richland for his fees for the examination of certain persons for lunacy. The board disallowed the claim, and the claimant appealed to the Circuit Court. At the hearing on Circuit the commissioners orally took the ground that sufficient evidence of the propriety of the account had not been furnished them ; and it was urged in argument by claimant's counsel that the commissioners did not require the further proof required by law. Other matters are fully stated in the opinion.

*Mr. A. C. Moore,* for appellant.

*Mr. J. D. Pope* read argument of *Mr. F. W. Fickling*, deceased, contra.

June 23, 1887. The opinion of the court was delivered by

MR. JUSTICE MCIVER. On August 2, 1886, the plaintiff, through his counsel, presented to the board of county commissioners for Richland County, then in session, an account, a copy of which will be found below, requesting that the board would pass on the account at once, and notify him in writing of their decision. The account is as follows:

"County of Richland,    To Dr. Frank Green, Dr.

| 1885. | | | | |
|---|---|---|---|---|
| June 9. | Exam. of Mrs. Levy for lunacy, | | $5 | 00 |
| Nov. 9. | " | Tena Waters, " | 5 | 00 |
| Nov. 30. | " | Eliza Mott, " | 5 | 00 |
| 1886. | | | | |
| Feb. 5. | Exam. of Rose Potts for lunacy, | | 5 | 00 |
| Feb. 13. | " | Catherine Hook, " | 5 | 00 |
| Mch 14. | " | Isaac Good, " | 5 | 00 |
| Apl 16. | " | George Ferguson, " | 5 | 00 |
| June 12. | " | Mary DeLorea, " | 5 | 00 |
| July 14. | " | Australia McKenzie, lunacy, | 5 | 00 |

————$45 00"

With an affidavit of the plaintiff appended "that the foregoing account is just and true; that no part of same has been paid by discount or otherwise. The said services were actually performed according to the law regulating such examinations." The board referred to their minutes, from which it appeared that one of the conditions upon which the county physician accepted the appointment was that he should make no charge for acting as one of the examining physicians in all cases of lunacy. But as the plaintiff does not seem to have been appointed county physician, it is difficult to understand what this had to do with the matter.

No further evidence being offered either for or against the account, the claim was disallowed, and notice at once given to the counsel for plaintiff as he had requested. Thereupon the plaintiff appealed to the Circuit Court on the following grounds: "1.

Because the said account truly represents services actually rendered by the said Frank Green, as therein stated.  2.  Because the prices therein charged are those allowed by law for such services.  3.  Because the said account is just and true, and no part thereof has been paid by discount or otherwise, and is so proved by the oath of the said Frank Green, without contradiction by evidence or otherwise.  4.  Because the said Frank Green is a licensed practising physician of the said State, and as such entitled and authorized by law to perform such services and make such charges therefor.  5.  Because it is not alleged or pretended by the said county commissioners that the said Frank Green is not a licensed practising physician of the said State, or that he was not authorized to perform such services or make such charges, or that he did not perform such services, or any part thereof, or that said charges, or any of them, are incorrect, or that they, or any or either of them, or any part thereof, have been paid by discount or otherwise.  6.  Because the said account has been arbitrarily disallowed by the said county commissioners without any cause assigned or assignable."

Upon being served with these grounds of appeal, the county commissioners made a return to the Court of Common Pleas, setting forth the facts hereinbefore substantially stated.  Judge Pressley, before whom the appeal was heard, granted the following order: "On hearing the judgment of the county commissioners in this case and the grounds of appeal therefrom, and the return of the respondents, and it appearing that the respondents did not require such further evidence of the truth and propriety of the charges of the appellant as is required by law, it is ordered that the judgment of the county commissioners of Richland County be set aside, and that the case be remanded to them for rehearing and for the hearing of such further evidence of the truth and propriety of said charges as the nature of the case may require and as may be just."

From this order the county commissioners appeal to this court upon the following grounds: "1. Because his honor erred in finding that the respondents, the county commissioners, did not require such further evidence of the truth and propriety of the charges of appellant as is required by law.  2. Because his hon-

or erred in not finding that· the appellant, Frank Green, had failed to make out his case before the board of county commissioners. 3. Because his honor erred in not dismissing the appeal. 4. Because his honor erred in ordering that the judgment of the county commissioners for Richland County in this case be set aside, and the case remanded to them for rehearing, and for the hearing of such further evidence of the truth and propriety of said charges as the nature of the case may require and as may be just. 5. Because his honor erred in remanding the case to the county commissioners, he having no power or authority to do anything more than affirm or reverse their judgment. 6. Because there was no error in the judgment of the board of county commissioners, and his honor erred in not so holding and in not affirming the said judgment."

It seems to us that the only question for the Circuit Judge to determine upon the hearing of the appeal from the judgment of the county commissioners was, whether any errors of law or fact had been pointed out by the grounds of appeal from such judgment. Now, when we come to consider those grounds, which for this reason have hereinbefore been set out, *in haec verba*, it is difficult to discover any specific allegation of error. They consist mainly of assertions of facts which tend to show the justice of the claim, but do not designate any particular or specific error, either of law or fact, in rejecting the claim. They do not even impute error to the county commissioners in not requiring further evidence of the truth or propriety of the account. The Circuit Judge, however, bases his action solely upon this ground, setting aside the judgment of the county commissioners, and ordering a rehearing, because it appeared that the county commissioners "did not require such further evidence of the truth and propriety of the charges of the appellant as is required by law," and we are to inquire whether he erred in so doing.

In the first place, we are unable to discover from the record how it was made to appear that the county commissioners either refused or neglected to require such further evidence. All that was properly before the Circuit Judge was the return and the grounds of appeal, and it certainly does not appear affirmatively in the return that the county commissioners declined to require

further evidence of the truth or propriety of the charges. All that there appears is that the account was presented, in the form hereinbefore stated, with the affidavit of the plaintiff appended; that the board referred to the minutes of former meetings, which, so far as we can see, had no bearing on the question, and that "no further evidence was offered for or against the said account," but whether the board required or declined to require further evidence is not stated.

But, in the second place, assuming that it did appear that the board did not require such further evidence, we are unable to see that they committed any error of law in not doing so. The statute does not require that the board should demand such further evidence. It is only permissive. The language of the proviso to section 623 of the General Statutes, relied on by the plaintiff, is as follows: "Nothing in this section shall be construed to prevent any board from disallowing any account, in whole or in part, when so rendered and verified, if it appears that the charges are incorrect, or that the services or disbursements have not in fact been made or rendered, nor from requiring any other or further evidence of the truth or propriety thereof. No allowance or payment beyond legal claims shall ever be allowed. And the board of county commissioners in any county may refuse to audit or allow any claim or demand whatsoever, unless made out and verified in the manner herein specified." So that it is plain that the provision for requiring further evidence is merely permissive and not mandatory, and if the board neglect to require such further evidence, no error of law can be imputed to them on that account.

That same section, however, does require that no account shall be audited and ordered to be paid unless such account shall be made out in items, and does authorize the board to refuse "to audit or allow any claim or demand whatsoever, unless made out and verified in the manner herein specified." It seems to us quite clear that the account in controversy here was not made out in accordance with this requirement, and this would have been a sufficient reason for its rejection. It does not appear that the persons alleged to have been examined for lunacy were paupers, and as such chargeable to Richland County; nor does it appear that such examination was made by the plaintiff at the

instance of any of the officers mentioned in section 1588 of the General Statutes, as amended by the act of 1882 (18 *Stat.*, 129), as authorized to call in the services of a physician for that purpose. All these facts were essential to constitute any valid claim against the county, and their omission, either by way of allegation or proof, might well have warranted the county commissioners in disallowing the claim. Indeed, for all that appears, inasmuch as no reasons are given for the judgment of the county commissioners, this might have been the ground upon which the claim was disallowed; and, in our opinion, it would have been a very good ground. If the claim had been allowed and a warrant for its payment issued, it would have become a part of the records of the office of the county commissioners, and ought to show on its face such facts as would make it a proper charge upon the county; whereas in its present form it shows nothing of the kind. The affidavit appended that "said services were actually performed according to the law regulating such examinations," is a mere statement of a legal opinion, and cannot be regarded as a statement of such facts as would show the liability of the county.

While we do not mean to intimate even, that there was anything wrong about this account, yet the fact that it was alleged to be necessary to examine such a considerable number of persons as pauper-lunatics in a single county, in so short a period of time, but little over one year, was a circumstance well calculated to arrest the attention of the county commissioners, and call for a careful examination of the claim, and if upon such examination the claim did not appear properly made out or properly substantiated, it was not only their right, but their duty, to reject it; and we have not been able to discover that they have committed any error in so doing.

The appellants, in one of their grounds of appeal, challenge the right of the Circuit Judge to order a new trial, which was practically done in this case, upon an appeal from the judgment of the county commissioners, insisting that, under the statute, he can only affirm or reverse such judgment. Such does seem to be the language of section 368 of the Code, which goes on to provide that, in an appeal from the judgment of a trial justice, a new trial may be ordered, *where the judgment was rendered by*

*default*, provided the appellant excuses his default and shows that manifest injustice has been done him.  From this it is argued that in no other case can a new trial be ordered on an appeal from an inferior court to the Circuit Court, but that such court, in all other cases, can only affirm or reverse the judgment of the court below.  Whether the right to reverse a judgment does not necessarily carry with it the power to order a new trial in a case proper for that purpose, and whether the general right of appeal from the judgment of the county commissioners, secured by the constitution, does not involve the right to grant a new trial, in a case where such a proceeding would be appropriate, are questions which do not now necessarily arise, and need not therefore be discussed; inasmuch as, conceding the right to grant a new trial, we have reached the conclusion that there was no sufficient ground for it in this case.

The judgment of this court is, that the judgment of the Circuit Court be reversed.