### TINSLEY v. UNION COUNTY.

1. APPEAL FROM COUNTY COMMISSIONERS.— On appeal to the Circuit Court from the decision of the board of county commissioners, disallowing a claim presented against the county, the only questions before that court are the errors of law and of fact alleged in the grounds of appeal.

2. IBID.—APPEAL TO SUPREME COURT.—The board of county commissioners has exclusive jurisdiction of county claims, subject to the right of appeal to the Circuit Court; and on such appeal, findings of fact by the Circuit Judge are final, and cannot be reviewed in the Supreme Court.

3. COUNTY COMMISSIONERS—TRIAL.—Where a claim against the county is presented to the board of county commissioners for audit, on the proof of an "affidavit annexed, and upon such other testimony as the board may desire to hear," the board committed no error of law in disallowing the claim without asking for further testimony.   The statute (Gen. Stat., § 623,) authorizes them to require further testimony, but does not command them so to do.

4. IBID.—IBID.—In passing upon county claims, the board of county commissioners acts as a board of audit, and is not required to notify the claimant of the day of trial, so that he may appear with his witnesses as in courts of trial.

5. AFFIRMANCE—OTHER GROUNDS.—Judgment affirmed for reasons other than those upon which it was based by the Circuit Judge.

Before FRASER, J., Union, March, 1892.

This was a claim presented by Ira E. Tinsley and R. S. Foster against the County of Union. The decree of the Circuit Court was as follows:

On September 14, 1889, plaintiffs presented a claim against the county to the board for $99.95, which was marked the same day, "Rejected, the contract not complied with." From this judgment there was no appeal. On the 20th September, 1889, plaintiffs brought an action in the common pleas for the same account. In the same month or the next, this action was discontinued. On the 7th October, 1889, the same account was presented in a slightly modified shape to the board. On the 5th November following, the claim was disapproved; notice of this disapproval given to the plaintiffs' attorney, but there was no testimony taken. Notice of appeal was then given by the plaintiffs. The board claimed that there was no trial, and, therefore, no decree, and tendered to plaintiffs an opportunity to produce testimony, which plaintiffs declined to do. The board then took testimony, and rendered a judgment against the claim. If there was no judgment involved in the action of the board, 5th November, 1889, then there is nothing for which an appeal can be taken. To me this seems to have been a judgment rendered very much in the same way as what is claimed by the board to have been a judgment on 14th September.

The plaintiffs claim, however, that this action of 14th September was no judgment, because the plaintiffs had not complied with section 623 of the General Statutes, in reference to the mode in which accounts were to be presented to the board, and that the board had no jurisdiction. I see very little difference in the way in which these accounts were presented on these two occasions. If the first was not in conformity to the statutes, the second was not. If these forms are mandatory, then the account and affidavit of 7th October was fatally defective, because there is in the affidavit before me no statement that the account has not been *paid or satisfied.* This statement is made in the first case, as section 623 requires. If the first action of the board is a judgment, then there has been no appeal from it, and the matter is *res adjudicata.* If the first action is no judgment, for want of conformity to section 623 General Statutes, I

do not see how the second action, under the claim filed 20th September, can be a judgment; and if no judgment, then no appeal lies to this court. This second presentation of the claim seems to me to be more objectionable than the first, because of the failure to state that there has been no payment.

It is, therefore, ordered and adjudged, that the appeal be dismissed, and that the judgment of the board of county commissioners be affirmed.

The claimants thereupon appealed to this court.

*Messrs. D. A. Townsend* and *Thomas S. Moorman*, for appellants.

*Mr. William Munro*, contra.

December 18, 1893. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. There is some confusion in this case, and it will be necessary to make a short statement of facts. The action or proceeding is upon a claim for $100 against the County of Union. for work and labor alleged to have been done by the plaintiffs on a certain highway of the county, under a contract with the county commissioners. It appears, among other things, that on September 14, 1889, the plaintiffs presented to the board of county commissioners the claim of $100 "for work and labor on a highway, near Supple Jack," which was considered by the board on the same day and "disallowed," because, as stated, the contract made by them had not been complied with. On September 20, the plaintiffs sued upon the account in the Court of Common Pleas, but the action was soon discontinued, and need not be again referred to.

On October 7, 1889, the plaintiffs presented to the board of county commissioners again a claim substantially for the same account of $100, which had attached to it the following affidavit: "Ira E. Tinsley and Robert S. Foster, being duly sworn, say, each for himself, that they were employed by the county commissioners of Union County, to wit, James F. Norman, William Gallman, and Jasper Acock, in the year 1889, to perform certain work on the public highway leading from Union

C. H. to Columbia; that the price agreed to be paid was one hundred dollars; that the work was performed according to contract, and was received after the inspection and examination by the said commissioners. (Signed only by *one of the parties*) R. S. Foster. Sworn to, October 7, 1889. D. A. Townsend, *N. P.*

"We hereby apply for payment of the above account on the affidavit hereto attached, and *upon such other testimony as the board may desire to hear*. We ask that the said claim be paid without delay, and in case it be refused that the cause of such refusal be stated in writing. (Signed) D. A. Townsend, *Atty.*"

To this claim the county commissioners made the following objection:

"State of South Carolina, Union County. Jasper M. Acock, James F. Norman, and William M. Gallman, being duly sworn, say, each for himself, that they have read the foregoing affidavit signed by R. S. Foster, dated October 7, 1889, and deny the statements therein contained to be correct, and deny that the county is indebted to said Tinsley and Foster, as alleged, in any amount." (Signed) W. M. Gallman, J. F. Norman, J. M. Acock. Sworn to, November 5, 1889. The following notice was served on Mr. Townsend, the attorney of the parties, on November 9, 1889: "Please take notice that the claim of Ira E. Tinsley and R. S. Foster for one hundred dollars has been 'disapproved.'"

Whereupon the plaintiffs appealed from the judgment to the Circuit Court: "1. Because said board erred in deciding that the said county commissioners did not employ the plaintiffs to perform the work set forth in their claim herein, the evidence introduced by the plaintiffs in support thereof being amply sufficient, and no notice whatever having been served upon the plaintiffs of the introduction or consideration of any rebutting testimony or evidence of any kind, and there being no such rebutting testimony or evidence properly before said board for their consideration. 2. Because the said board erred in deciding that the said county commissioners did not promise to pay the plaintiffs one hundred dollars for said work, the evidence introduced by the plaintiffs being amply sufficient to sustain said promise, and no notice whatever having been served upon

the plaintiffs of the introduction or consideration of any rebutting testimony or evidence of any kind, and there being no such rebutting testimony or evidence properly before said board for their consideration. 3. Because said board erred in deciding that the said county commissioners did not receive said work after its completion unconditionally, the evidence thereof introduced by the plaintiffs being amply sufficient to prove it, and no notice whatever having been served upon the plaintiffs of the introduction or consideration of any rebutting testimony or evidence of any kind whatever, and there being no such rebutting testimony or evidence properly before the board for consideration. 4. Because, the plaintiffs having informed said board in the application that other and further testimony would be introduced if the said board should not deem the testimony or evidence introduced with the application sufficient, the said board erred in not apprising the plaintiffs of the necessity for the introduction by the plaintiffs of other testimony, in order to convince the same board that said claim should be allowed. 5. Because the said board erred in not hearing said case according to the usual custom of all other courts, and not fixing a day certain for the hearing of said case, on which the plaintiffs might appear before said board with their witnesses and exercise their right of replying to any rebutting testimony or evidence introduced against said plaintiffs, or considered by said board against the plaintiffs. 6. Because said board erred in not deciding that the claim of the plaintiffs was a just and proper claim against said county, and that it should be paid, &c.

After this, some efforts seem to have been made by the county commissioners to have the case reheard, with all the parties present. But as the matter was then on appeal to the Circuit Court, the plaintiffs objected; and we need not encumber the case by setting out those *ex parte* proceedings, but consider only the proceedings by the commissioners on November 5, and the appeal which was taken therefrom, as hereinbefore stated. The exceptions to the decision of the commissioners came up first before his honor, Judge Norton, who required the commissioners to make a return, which they did, including, however, a statement of the proceedings which took place after

the appeal, but which, as before stated, do not touch the questions involved in the simple appeal. Under the order of Judge Norton, the commissioners made a return of their proceedings, and judgment rendered November 5, 1889, disallowing the claim for $100, filed by appellants, and stating all that occurred on that occasion, viz: November 5.

The case came up on the exceptions herein stated, before Judge Fraser, who affirmed the judgment of the county commissioners, and dismissed the appeal, and, as we understand it, the only questions before the Circuit Court (Judge Fraser) were the errors of law and of fact alleged in the grounds of appeal from the decision of the county commissioners. "On appeal from a decision of the county commissioners to the Circuit Court, the only questions before that court are the errors of law and of fact alleged in the grounds of appeal." _Green_ v. _County Commissioners_, 27 S. C., 9. It is, therefore, needless for this court to consider any of the various matters which occurred before or after November 5, 1889, the sole question before this court being whether the Circuit Judge committed any error of law, in overruling any one of the exceptions taken by the plaintiffs to the judgment rendered by the county commissioners on November 5, 1889.

This was what is known as a "county claim," of which the board of county commissioners has exclusive jurisdiction, subject to appeal to the Circuit Court. See _Jennings_ v. _Abbeville County_, 24 S. C., 543. Now was there any errors of law or of fact committed by the Circuit Judge, as disclosed by the exceptions to the judgment of the commissioners? Exceptions 1, 2, and 3, in different forms, complain that the proof was amply sufficient to establish the claim of the plaintiffs, and that it was error in Judge Fraser not to so hold. There are other matters stated in the exceptions, but as far as the sufficiency of the testimony was concerned, it was a question of fact, and upon appeal was reviewable by the Circuit Judge. It will be observed that on the occasion in question (November 5), the plaintiffs presented an account of $100, for work alleged to have been done by them on a certain highway, under a contract with the county commissioners. The charac-

ter of the work done was not stated, except simply the charge:
"To work and labor on public highway near Supple Jack,
$100." The only evidence offered by the plaintiffs was the af-
fidavit of R. S. Foster, one of the plaintiffs. Mr. Townsend,
attorney for plaintiffs, stated as follows: "We hereby apply
for payment of the account on the affidavit annexed, and such
other testimony as the board may desire to hear," &c. To this
claim the commissioners made the following answer: All three
of the commissioners, Gallman, Norman, and Acock, made an
affidavit, each swearing for himself; that the affidavit of Mr.
R. S. Foster, dated October 7, 1889, was not correct, and deny-
ing that the county was indebted to said Tinsley and Foster as
alleged, or in any amount. And thereupon notice was served
upon Mr. Townsend, the attorney of the plaintiffs, on Novem-
ber 9, 1889, "that the claim of Tinsley and Foster for $100 has
been disallowed." In hearing the appeal, Judge Fraser, under
section 368 of the Code, had the right to consider the facts as
returned, which he did; but this court has no right to review
and reverse his decision upon the facts.

Exception 4 alleges that Judge Fraser committed error of
law in this, "that the plaintiffs having informed the board in
their application that other and further testimony would
be introduced, if the board should not deem the testimony
or evidence introduced with the application sufficient,
the said board erred in not apprising the plaintiffs of the neces-
sity for the plaintiffs to introduce other testimony, in order to
convince the board that said claim should be allowed," &c.
The ground of appeal states the matter of notice thus: "That
other and further testimony would be introduced, if the board
should not deem the testimony sufficient, the said board erred
in not apprising the plaintiffs of the necessity for the introduc-
tion by the plaintiffs of other testimony," &c. But the notice
astually given was somewhat different, in these words, viz:
"On the affidavit annexed, and upon such other testimony as
the board may desire to hear," &c. It seems that the members
of the board made the contract, whatever it was, with the plain-
tiffs, and having full knowledge as to what it was, they did
"*not desire*" to hear other testimony. Was that error of law?

We do not think so, but it was a matter of discretion with the commissioners. This identical question was decided in the case of *Green* v. *County Commissioners*, 27 S. C., 9, *supra*, in which Mr. Justice McIver, in delivering the judgment of the court, said : "But assuming that it did appear that the board did not require such further evidence, we are unable to see that they committed error of law in not doing so. The statute does not require that the board should demand such further evidence. It is only permissive. The language of the proviso to section 623 of the General Statutes, relied on by the plaintiffs, is as follows: 'Nothing in this section shall be construed to prevent any board from disallowing any account in whole or in part, where so rendered and verified, if it appears that the charges are incorrect, or that the services or disbursements have not, in fact, been made or rendered, nor from requiring any other or further evidence of the truth or propriety thereof. No allowance or payment beyond legal claim shall ever be allowed. And the board of county commissioners in any county may refuse to audit or allow any claim or demand whatsoever, unless made out and verified in the manner herein specified," &c. So that it is plain that the provision for requiring further evidence is permissive, and not mandatory, and if the board neglect to require such further evidence, no error of law can be imputed to them on that account," &c. We see no error here.

Exception 5 complains that the said board "erred in not hearing said case according to the usual custom of all other courts, and not fixing a day certain for the hearing of said case, on which the plaintiffs might appear before said board with their witnesses, and exercising their rights of replying to rebutting testimony," &c. The board of county commissioners is comparatively a new tribunal under our law, and the forms of procedure in it have never been clearly settled. "Some of the forms incident to a court have undoubtedly been conferred upon the county commissioners; but it would seem that they are regarded more as a 'board of audit.' They are not styled a *court*, but a *board;* its members are called *commissioners*, not *judges*. It does not proceed according to the forms generally considered essential to a court,

with parties before it as plaintiff and defendant, but in a summary way, without formal pleadings, evidence or record.    We do not think that the board of county commissioners is a court in such sense, that its record may be pleaded in bar as evidence of a former recovery in respect to a claim against a county allowed by the commissioners," &c.    See *The County* v. *Miller, Clerk*, 16 S. C., 247.    We see no error here.

The sixth exception is too general to be entitled to consideration.    We agree with his honor, Judge Fraser (but for reasons other than those stated), that there was no error of law reviewable by this court charged in the exceptions to the judgment of the county commissioners rendered on November 5, 1889.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.