February 26, 1908. The opinion of the Court was delivered by
This action was commenced in a magistrate's court. The complaint alleges that on the 3d of March, 1904, certain goods of the value of $21.00 were delivered to the defendant at Norfolk, Va., to be transported to the plaintiff at Darlington, S.C. That the defendant failed and refused to deliver the said goods, although repeatedly requested to do so, and that they were, in consequence, wholly lost to the plaintiffs, to their damage of $21.00. The plaintiffs also claimed the statutory penalty of $50.00 for the defendant's refusal to pay the said claim within ninety days after the filing of the same.
The magistrate rendered judgment in favor of the plaintiffs for the amounts claimed.
The defendant appealed, and his Honor, the Circuit Judge, in affirming the judgment used this language:
"It is perfectly manifest from the testimony that the goods were lost to plaintiffs in the sense of the statute. The officials of the railroad would give them no definite or satisfactory *Page 200 
information as to whether the goods had been received or not, and such failure to respond to proper inquiries, to the extent even, as appears from the testimony, of insolent conduct to the plaintiffs' representative when sent to seek the goods, must be held equivalent to a point-blank refusal to deliver. It seems abundantly established, from the testimony, that plaintiffs sent and sought delivery of their goods and tendered the freight charges, and the goods could not be obtained. Every effort seems to have been used to obtain them, which efforts were met only by evasive replies, and finally, positive offense and refusal."
The defendant has again appealed.
There was testimony tending to sustain the findings of facts by his Honor, the Circuit Judge, and, as this is a law case, such findings are conclusive upon this Court.
The appellant next contends that there was no testimony tending to show that the property was either lost or damaged, and therefore, that the defendant was not subject to the statutory penalty of $50.00 provided by the Act of 1903, 24 Stat., 81. The object of the statute was to confer upon the consignee a special remedy when there was a failure on the part of the railroad company to deliver the freight. It is immaterial in what manner the company caused the loss to the plaintiff, whether by conversion or otherwise.
The next error is assigned by the following exception: "Because his Honor, having affirmed the judgment of the magistrate and dismissed the appeal, erred in ordering the record to be returned to Magistrate Sanders for such further proceedings thereon as may be necessary to render the judgment effective, and in ordering that a certified copy of his order accompany the record. It being respectfully submitted that the judgment was then already effective and a judgment of the Circuit Court, and there was nothing the magistrate could do to render said judgment effective." *Page 201 
The power to insert the foregoing provision in the order rested within the discretion of the Circuit Judge.
Furthermore, the appellant has failed to satisfy this Court that it was prejudicial to its rights.
The exceptions raising the question whether the act of 1903, 24 Stat., 81, is constitutional were abandoned, as the said act has been declared constitutional by recent decisions of this Court.
It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.