8788, 8789, 8790

JOHN G. RICHARDS *ET AL.,* RAILROAD COMMISSIONERS, v.
SOUTHERN RY. CO. *ET AL.*

SAME v. SAME.

SAME PLAINTIFFS v. SEABOARD AIR LINE RAILWAY.

(81 S. E. 314, 315.)

RAILROADS.   MUNICIPAL CORPORATIONS.   STREET CROSSINGS.

1. The State Railroad Commission has only those powers given to it by statute, and hence in the absence of statute, could not require a city to submit plans for safeguarding a dangerous railroad crossing.
2. Act February 16, 1912 (27 Stat. at Large, p. 791), authorizing the Railroad Commission to regulate the manner in which a street may cross a railroad track, is not retroactive, and does not apply to a crossing made before its enactment.
3. Where an order of the Railroad Commission, compelling a railroad company and a city to safeguard a street crossing was directed to both defendants, and contemplated that they should share the cost of the improvement, dismissal of a petition for mandamus to enforce the order as to the city requires its dismissal as to the railroad company, as the commission might not have required the company to make the improvement at its sole expense.
4. The kind of crossing and safeguards which may be required under act of February 16, 1912 (27 St. at Large, 791), authorizing the Railroad Commission to regulate the manner in which a street may cross a railroad track, is in the discretion of the commission.

In the original jurisdiction:

Petitions for *mandamus* by John G. Richards and others, Railroad Commissioners, in three cases. No 8788, against the Southern Railway Company and the City of Columbia, to require them to submit plans to improve and safeguard the crossing of Elmwood avenue, over the Southern Railway, in the city of Columbia. No. 8789, to require the Southern Railway Company, Columbia Railway, Gas & Electric Company, and the city of Columbia, to require them to improve and safeguard the crossing of Taylor street and the tracks of the Columbia Railway, Gas & Electric Company on Taylor street, over the tracks of the Southern Railway Company. No. 8790, to require the

Seaboard Air Line Railway, the Columbia Railway, Gas & Electric Company and the city of Columbia to improve and safeguard the crossing of Elmwood avenue, and of the track of the Columbia Railway, Gas & Electric Company on Elmwood avenue, over the track of the Seaboard Air Line Railway.

Heard on return to order in each case requiring the defendants to show cause why the prayer of petition should not be granted. November 25, 1913.

*Mr. Attorney General Peeples,* for petitioners.

*Messrs. B. L. Abney* and *E. M. Thomson* and *Mr. H. N. Edmunds,* for the respondents.

April 14, 1914.

The opinion in the first case, No. 8788, was delivered by MR. JUSTICE HYDRICK.

After notice and a hearing, the railroad commission found that the crossing of Elmwood avenue, in the city of Columbia, by the Southern Railway was dangerous, and ordered the respondents to submit to it plans for improving and safeguarding it. The respondents failed to obey the order, and the commission brought this action for mandamus. The city demurred to the petition for insufficiency, on the ground, among others, that the order of the commission was without authority of law, in so far as it required the city to do any part of the work or bear any part of the cost thereof.

The commission has no power, except such as the legislature has conferred upon it. No statute has been cited and none has been found which authorizes the commission to make the order in question, in so far as it affects the city. The act of 1912 (27 Stat., .791) does empower the commission to regulate and control the manner in which any street may cross any railroad track.

But well settled principles require the act to be given a prospective and not a retroactive effect. It cannot, therefore, be held to apply to a crossing made before its passage, as this was.

This conclusion renders unnecessary the consideration of the other grounds raised by the respondents. As the order was directed to both respondents, and made in contemplation that both would share the cost of the improvements, dismissal of the petition as to the city requires dismissal of it as to the railroad company, because the commission may not have required the railway company to make the same improvements at its sole expense. The kind of crossings and safeguards to be required is in the discretion of the commission.

In each of the other cases, No. 8789 and 8790, the petitions were dismissed, for the reasons stated in the above opinion, by an order *per curiam.*