13550

THOMAS v. ATLANTIC COAST LINE RY. CO.

(167 S. E., 239)

*Messrs. F. L. Willcox* and *J. D. O'Bryan,* for appellant,

*Mr. M. L. Meadors,* for respondents,

January 5, 1933.

The opinion of the Court was delivered by Mr. Justice Carter.

This case is on appeal to this Court from an order of his Honor, Judge Philip H. Stoll, affirming an order of the Board of County Commissioners of Williamsburg County, laying out a highway or townway in the Town of Kingstree, said county, across the right-of-way of the Atlantic Coast Line Railroad Company, so as to connect certain streets of the said town; and, further, ordering and requiring said railroad company to forthwith construct and thereafter maintain "a safe and adequate crossing, not less than twenty (20) feet in width, of durable material, so as to furnish a means of passage for vehicles across the tracks and right-of-way of said railroad company at that point, the portion of said crossing between the tracks and adjacent to the rails to be of uniform height with the tops of the same."

In its appeal, the appellant states that its exceptions raise three questions, which we will consider in the order presented by counsel.

Question No. 1. "Has the Board of County Commissioners jurisdiction to lay out and establish a highway or townway of the Town of Kingstree across the right-of-way of the Atlantic Coast Line Railroad Company in the Town of Kingstree, and to require the Atlantic Coast Line Railroad Company to construct and maintain in such location a grade crossing to be used as a means of passage for vehicles across the tracks and right-of-way of said Railroad Company within the limits of the Town of Kingstree."

Section 8434, Civil Code 1932, which is relied upon by respondents as authority for the action of the Board of County Commissioners, reads as follows: "A highway or townway may be laid out across a railroad previously constructed when the County Board of Commissioners adjudge that the public convenience and necessity require the same; and in such case, after due notice to the railroad corporation, and hearing all parties interested, they may thus lay out a highway across a railroad, or may authorize a city or town, on the petition of the mayor and aldermen thereof, to lay

out a way across a railroad in such manner as not to injure or obstruct the railroad."

We are unable to agree with the appellant in the contention that the authority to lay out the crossing in question, highway or townway, as it is referred to, rests with the Railroad Commission. In our opinion, the above section of the Code gives to the Board of County Commissioners authority to act in the matter. According to our view, Section 8269, Code 1932, to which appellant refers, does not repeal or supersede Section 8434. Section 8269 is not clear in meaning. That section reads as follows: "The Railroad Commissioner is empowered and required to regulate and control by special order in each case the manner in which any street, street railway, or other railroad track and to regulate the manner of constructing culverts under any railroad so as to effect proper drainage of adjacent territory, may cross any railroad track."

Apparently there is something omitted necessary to make its meaning clear. This section was before the Court in the case of *Richards v. Southern Railway,* 97 S. C., 77, 81 S. E., 314, 315. Two of the respondents in that case were the Southern Railway Company and the City of Columbia. The City of Columbia demurred to the petition "for insufficiency, on the ground, among others, that the order of the Commission [Railroad Commission] was without authority of law, in so far as it required the city to do any part of the work or bear any part of the cost thereof." The Court, in effect, held that the section under consideration did not authorize the Railroad Commission to make the order in question, in that case, in so far as it affected the city; but the Court further held that the section empowered the Railroad Commission "to regulate and control the manner in which any street may cross any railroad track," referring to its control over the railroad company. In that case there was no question involved as to the right of the street to be laid out over the railroad, for the crossing in question had already been estab-

lished; but the question was with reference to the same being in a dangerous condition, and the proceeding was instituted for the purpose of requiring the railroad company to maintain the same in a safe and proper condition. In the case at bar, the crossing over the railroad track had not been established at the time the action was instituted, and the action was instituted for the purpose of having the crossing laid out and established.

Under our view, Section 8434 is applicable to the facts of this case, and under it the Board of County Commissioners is authorized to proceed, in the manner that they did proceed, to lay out and establish the crossing in question. In our opinion, Sections 7367, 7368, 5812, 5813, and the other sections of the Code referred to by appellant, are not applicable to the facts of this case. Under Section 8434, the Board of County Commissioners had authority to lay out the crossing in question or to direct it to be done by the Town of Kingstree; but the Town of Kingstree, having not filed a petition asking to be authorized to lay out the crossing, but having joined in the petition of the petitioners in the first instance, who were citizens of the Town of Kingstree, asking that the crossing be laid out by the Board of County Commissioners, there was no necessity for the Board of County Commissioners directing the town to lay out the crossing. In any event, the town is the only one to object, and, having joined with the other petitioners, no question arises in this respect.

Question No. 2. "Does the testimony in the record sustain the findings and holdings of the Board of County Commissioners to the effect that public convenience and necessity require the establishment of such crossing, or, on the contrary, is there not a total absence of any testimony tending to show that public convenience and necessity require its establishment, and does not all the testimony show to the contrary?"

In response to the rule issued by the Board of County Commissioners, the respondent, Atlantic Coast Line Railroad Company, appeared before the commissioners and all the testimony offered by the parties was taken by the board. After a full hearing of all the testimony, "and viewing the site of the proposed crossing and approaches to the same," the board stated its findings to be "that the public convenience and necessity require that said crossing be established, and that the said railroad company will sustain no damage to its property thereby." Based on that finding, the Board of County Commissioners issued the following order (quoting pertinent portion) :

"Ordered, pursuant to the authority in us vested by the Statutes of the State of South Carolina, that a highway or townway be and the same hereby is laid out and established forty (40') feet in width, across the right-of-way of the Atlantic Coast Line Railroad Company in the Town of Kingstree, County of Williamsburg and State of South Carolina, so as to connect the Eastern end of Kelley Street of said town, on the West of said right-of-way, with the western end of First Street of said town, on the East of said right-of-way, and that it be and is hereby further

"Ordered that the said Atlantic Coast Line Railroad Company be and it is hereby required to forthwith construct and thereafter maintain at said point above designated, a safe and adequate grade crossing, not less than twenty (20') feet in width, of durable material, so as to furnish a means of passage for vehicles across the tracks and right-of-way of said railroad company at that point, the portion of said crossing between the tracks and adjacent to the rails to be of uniform height with the tops of the same."

On appeal to the Circuit Court, the Circuit Judge, his Honor, Judge Stoll, approved the finding, holding, and order of the Board of County Commissioners, and issued an order accordingly. A careful study of the record in the case convinces us that there was probative testimony upon which

to base the finding of the board, and we think that his Honor, Judge Stoll, properly sustained the board in its finding. We may add in this connection, that as to the questions of fact involved in the case, this Court is bound by the finding of the county board, approved by the Circuit Judge, for there is supporting evidence upon which to base the finding, and under the recognized rule such finding is not reviewable by this Court. *Green v. County Commissioners,* 27 S. C., 9, 2 S. E., 618. *Tinsley v. Union County,* 40 S. C., 276, 18 S. E., 794. *Stacy v. Machine Works,* 70 S. C., 178, 49 S. E., 223. *James v. Northwestern Railroad,* 70 S. C., 554, 50 S. E., 504. *Jenkins v. Southern Railway,* 73 S. C., 292, 53 S. E., 481. *Wilson & James v. A. C. L. Railroad Company,* 79 S. C., 198, 60 S. E., 663. *A. & E. Leather Goods Company v. Sentz,* 87 S. C., 267, 69 S. E., 390. *Dingle v. Northwestern Railroad Company,* 112 S. C., 390, 99 S. E., 828. *Ward v. A. C. L. Railroad Company,* 155 S. C., 54, 151 S. E., 904.

Question No. 3. "Are the order of the Board of County Commissioners for Williamsburg County laying out and establishing a highway or townway within the limits of the Town of Kingstree 40 feet in width across the right-of-way of the Atlantic Coast Line Railroad Company so as to connect the eastern end of Kelley Street and the western end of First Street, and the order of the Board of County Commissioners of Williamsburg County requiring the Atlantic Coast Line Railroad Company to forthwith construct and thereafter maintain a safe and adequate grade crossing not less than twenty feet in width so as to furnish a means of passage for vehicles across the tracks and right-of-way of the Railroad Company at that point, a taking of property of Atlantic Coast Line Railroad Company without due process of law in violation of Section 17, Article 1 of the Coistitution of the State of South Carolina, and of the Fifth and Fourteenth Amendments of the Constitution of the United States, in

that such order and such requirement when affirmed and approved by the Judge of the Court of Common Pleas, amount to taking private property of the Railroad Company for a public use without just compensation, and to depriving the Railroad Company of its property without the due process of law?"

The above-stated questions were not raised in the lower Court, and therefore, following the well-established rule, will not be considered by this Court.

While we have not discussed herein all of the questions presented in appellant's brief, we have duly considered the same.

The exceptions are overruled, and it is the judgment of this Court that the order and judgment appealed from be, and the same is hereby, affirmed.

NOTE.—There will be incorporated in the report of the case the petition presented to the Board of County Commissioners, omitting formal parts and the allegations of paragraph 2; also the return, omitting formal parts.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.