### REDFEARN v. DOUGLASS.

1. APPEALS—JURISDICTION.—This court has no jurisdiction to review findings of fact by the Circuit Court in a law case heard by that court on appeal from a trial justice's court.
2. IBID.—IBID.—But the Circuit Court has power on appeal to review and reverse errors of fact in a trial justice's court.
3. APPEAL FROM TRIAL JUSTICE.—Whether an appeal lies to the Circuit Court from an order of a trial justice granting a new trial, is not properly before this court where the question was not raised before the Circuit Court by motion there made to dismiss the appeal, or made a ground of appeal to this court. But an appeal is allowed by law to the Circuit Court from such an order of the trial justice.
4. IBID.—WORD DEFINED.—The word "judgment," as used in the chapter of the Code of Procedure regulating appeals from an inferior court, is used in its popular sense, and is not limited to the "final determination of the rights of the parties in the action."

Before HUDSON, J., Chesterfield, September, 1890.

Action by E. N. Redfearn against D. B. Douglass and H. J. Sellers, commenced before a trial justice on November 12, 1889. The opinion states the case.

*Mr. W. F. Stevenson*, for appellant.

*Mr. R. T. Caston*, contra.

March 24, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   This was an action of claim and delivery to recover possession of an ox, originally instituted in the trial justice court and carried thence, by appeal, to the Court of Common Pleas.   In the trial justice court, a jury seems to have been demanded, who rendered a verdict in favor of the plaintiff.   Thereupon the defendants moved for a new trial, which was granted, "the trial justice taking a different view of the facts

of the case from that of the jury." From the order of the trial justice granting a new trial, the plaintiff appealed to the Court of Common Pleas, and the Circuit Judge holding, "that the trial justice having granted motion for a new trial, because he took a different view of the testimony from that taken by the jury, the plaintiff should not be put to the expense and trouble of a new trial to recover property which it appeared from the testimony to be clearly his, and that the verdict of the jury was sustained by the evidence," granted an order setting aside the order of the trial justice, and making the verdict of the jury the judgment of the court.

From this judgment defendants appeal upon the several grounds set out in the record. All of these grounds, except the third, raise questions of fact, which we have no jurisdiction to consider. That ground, substantially, imputes error to the Circuit Judge in setting aside an order of a trial justice granting a new trial on the ground that the evidence was insufficient to sustain the conclusion reached by the jury. It will be observed that the Circuit Judge set aside the order of the trial justice, not upon the ground of error of law therein, but solely upon the ground of error of fact, and, therefore, unless it can be shown that the Circuit Court has no power to review and reverse the decision of a trial justice for errors of fact, this court clearly has no jurisdiction to review any conclusions of fact reached by the Circuit Court in a law case such as this is.

Has, then, the Circuit Court power to review errors of fact in the inferior court? While this court is limited by section 4, of art. IV., of the Constitution to the correction of errors of law in a law case, as it has been time and again held, there is no such constitutional limitation upon the powers of the Circuit Court in hearing appeals from the inferior courts. That is a matter regulated by statute; and in section 368 of the Code the Circuit Court is expressly invested with power to affirm or reverse the judgments of the inferior courts "for errors of law *or fact.*"

It is contended, however, by appellant's counsel, in his argument here, that while this may be true so far as a *judgment* of a trial justice may be concerned, yet it cannot be applied to

this case, for here the appeal was, not from a *judgment*, but from *an order* of a trial justice; and the Circuit Court has never been invested with power to hear an appeal from *an order* of a trial justice. This question, so far as the record shows, was not presented to, or considered by, the Circuit Court; nor is it raised by any of the grounds of appeal. On the contrary, appellants have, by the terms used in the third ground of appeal, expressly recognized this as an appeal from the *judgment* of a trial justice, for the language there found is: "Because his honor erred in reversing the *judgment* of the trial justice in granting a new trial, when said new trial was granted on grounds involving a conflict between the trial justice and the jury as to questions of fact, and the appellate court had no jurisdiction to disturb the *judgment* of the lower court in such case." The question, therefore, is not properly before us, as it should have been presented by a motion to dismiss the appeal from the order of the trial justice granting the new trial, upon the ground that such an order was not appealable, or should, at least, have been made one of the grounds of appeal from the judgment of the Circuit Court.

But we may add, that even if the question had been properly presented, we do not think the position contended for could have been sustained   In subdivision 6, of section 368, of the Code, which is found in chapter 3, of title II., part II., entitled "Appeal to the Circuit Court from an inferior court," it is expressly provided that "the provisions of this Code of Procedure in relation to the proceedings, exceptions to the decisions of the court, making and settling cases and exceptions, *motions for new trials*, * * * are hereby made applicable to all appeals brought up for trial, as in this chapter provided." Now, as provision is made in the Code for appeals from orders granting or refusing new trials, it follows, necessarily, that such provisions apply to the appeals provided for in that chapter, that is, appeals from any inferior court, where the right of appeal is provided for. In addition to this, we think that the word "judgment," as used in the several sections of that chapter, is not used in the strict technical sense of "the *final* determination of the rights of the parties in the action," but in the more general and popular sense in which such word is generally used, illustrated

by its use by appellants themselves in their grounds of appeal in this very case, of indicating the decision or conclusion at which one has arrived upon a given question.

It seems to us, therefore, that whatever may have been the errors of fact into which the Circuit Judge has fallen, if any, this court has no power to review them, and as we find no errors of law, the appeal cannot be sustained.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.