## WIDEMAN v. PATTON.

1. GUARDIAN AD LITEM—JUDICIAL NOTICE—EVIDENCE.—MAGISTRATE has power to appoint guardian *ad litem* to conduct suit in his court; and such appointment being in the record, magistrate was bound to take notice of it, and it was not necessary to formally introduce it in evidence.

2. NEW TRIAL—MAGISTRATE.—Under Code, 368, Circuit Court has power to order new trial before magistrate on appeal therefrom. *Miller* v. *Schmidt,* 20 S. C., 588, *distinguished from this.*

3. IBID.—IBID.—APPEAL—PRACTICE—NEW TRIAL.—On appeal from magistrate, where Circuit Court fails to consider an exception involving the merits which it should have considered, this Court will send case back for such consideration, and reverse order granting new trial.

Before TOWNSEND, J., Greenwood, August term, 1901.
Modified.

Action by Janie Wideman, by her guardian *ad litem,* J.
W. McCaslan, against George Patton. From judgment for
plaintiff in magistrate court, defendant appeals, and from
Circuit judgment, plaintiff appeals.

*Messrs. Graydon & Giles,* for appellant. *Mr. Graydon*
cites: *Court will take judicial notice of its own records:* 17
Ency., 2 ed., 925. *Defendant cannot both answer and de-
mur:* Code, 164. *Objection to capacity to sue must be by
demurrer:* 21 S. C., 27. *Magistrate may appoint guardian
ad litem in his court:* Code, 136, 88 sub., 15. *Circuit Court
cannot grant new trial in magistrate court in case on appeal:*
Code, 368; 20 S. C., 588; 27 S. C., 9.

Mr.              , contra.

July 14, 1902. The opinion of the Court was delivered by
MR. JUSTICE JONES. This action was commenced in a
magistrate court to recover the possession of personal prop-
erty, and resulted in a verdict and judgment for the plaintiff.
Defendant appealed to the Circuit Court on several excep-
tions, two of which only were considered by the Circuit
Judge: (1) That there was no evidence to establish the fact
that a guardian *ad litem* had been appointed for the plaintiff,
who was a minor. (2) That the magistrate erred in holding
that he could appoint a guardian *ad litem.* The Circuit
Court ordered a new trial, sustaining said exceptions. The
appeal to this Court excepts to the rulings, and raises the
further point that the Circuit Court has no power to order a
new trial in a magistrate's court.

We hold that a magistrate has power to appoint a guar-
dian *ad litem* to conduct a suit in his court. Sec. 136 of the
Code of Civil Procedure provides: "When an infant is a
    party he must appear by guardian, who may be

appointed by the Court in which the action is prosecuted, or by a Judge thereof, &c." Sec. 88, subdivision 15, provides that "the provisions of this Code of Procedure respecting forms of actions, parties to actions, * * * shall apply to these (magistrate's) courts." In this case it appears that the plaintiff, preparatory to bringing the action, filed with the magistrate her petition in the usual form, praying that J. W. McCaslan be appointed as guardian *ad litem* and authorized to prosecute said action, and that the magistrate by order made such appointment. These papers were before the magistrate and he was bound to take notice of them, whether they were specially put in evidence or not. Besides, the objection raised before the magistrate was not that there was no evidence of the appointment of said guardian *ad litem,* but that the magistrate had no power to make the appointment, and that the guardian *ad litem* is a county officer, the jailer, and cannot act in such capacity. The magistrate properly overruled both objections, but the form of the objection assumed the fact that such appointment had been in fact made.

We do not doubt the power of the Circuit Court in a proper case to order a new trial in a magistrate court on appeal therefrom. Art. V., sec. 15, of the Constitution provides that Courts of Common Pleas shall have appellate jurisdiction of inferior courts, &c.; and sec. 368 of the Code of Civil Procedure provides that: "Upon hearing appeal (from magistrate) the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. In giving judgment, the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any and all parties, and for errors of law or fact. If the appeal is founded on an error in fact in the proceedings not affecting the merits of the action and not within the knowledge of the magistrate, the Court may determine the alleged error of fact on affidavit, and may in its discretion inquire into and determine the same upon examination of the wit-

nesses.   If the defendant failed to appear before the magis-
trate, and it is shown by the affidavits served by the appellant
or otherwise, that manifest injustice has been done, and he
satisfactorily excuses his default, the Court may in its dis-
cretion set aside or suspend judgment, and order a new trial
before the same or any magistrate in the same county at such
time and place and on such terms as the Court may deem
proper.   Where a new trial shall be ordered before a magis-
trate, the parties must appear before him according to the
order of the Court, and the same proceedings must thereupon
be had in the action as on the return of a summons personally
served."   In the case of *Green* v. *County Commissioners,*
27 S. C., 9, 2 S. E. R., 618, the question was raised but not
decided, whether a Circuit Judge could order a new trial in
the inferior Court except in a case of default, under sec. 368
above; and in the case of *Miller* v. *Schmidt,* 20 S. C., 588, it
would seem that the Court thought that sec. 368 applied only
to a case of default, but in that case a petition was made in
the Circuit Court *without notice* for a new trial, and that
was quite sufficient to sustain the refusal of the Court to
grant a new trial.   The doubt thus suggested as to the point
now made was, however, removed by the case of *DuBose* v.
*Armstrong,* 29 S. C., 290, 6 S. E. R., 934.   In that case,
which was an action of claim and delivery of personal prop-
erty, upon a trial of the issues, the jury rendered a verdict
for plaintiff, by which the jury "found the mule for the
plaintiff upon the payment of thirty-five dollars to the de-
fendant."   The trial justice, upon motion, struck out of
the verdict the words "upon the payment of thirty-five
dollars to the defendant," as surplusage, and judgment was
entered upon the verdict thus altered.   Upon appeal, the
Circuit Court ordered a new trial.   One of the exceptions
taken to the order of the Circuit Court was that he erred in
ordering a new trial.   This Court affirmed the judgment,
saying: "Sec. 368 of the Code, under which his Honor,
Judge Witherspoon, acted, is very broad.   It provides that
in cases of appeal from trial justice's courts, the appellate

court, upon hearing the appeal, shall give judgment according to the justice of the case without regard to technical errors and defects which do not affect the merits. Whatever may have been the intention of the jury, the verdict is not in accordance with the form specified in the Code, in actions of claim and delivery of personal property, nor was it in such form as the Court could so correct or amend as to bring it in form. And it appears to us that his Honor reached the right conclusion, to wit: that the case should go back for a new trial." This was an express holding that the Circuit Court could order a new trial in a magistrate or trial justice court, under sec. 368, in a case which was not a default case. This, we think, is a correct conclusion. The general appellate jurisdiction conferred on Circuit Courts by the Constitution and the statute necessarily includes the power to grant a new trial before the magistrate in a proper case. The statute does not undertake to abridge such right in any express terms. On the contrary, the right is recognized expressly. The last sentence of sec. 368 applies as well to the first part of the section authorizing "judgment according to the justice of the case," as it does to that portion of the section relating to judgments by default. The term new trial is not strictly applicable except in case where issues had been joined; and it would be a remarkable construction to limit the regulations as to new trials to judgments by default, to which the term does not apply in strictness, and exclude such regulations in reference to trial actually had, to which the terms properly apply, and this, too, in the absence of any language clearly expressing such intent. In this case, however, it was not proper to grant a new trial before the magistrate upon the grounds so considered.

On examining the case we find that the Circuit Court failed to consider the exception, which was "that the verdict is contrary to the evidence of the case, proof showing that title to property then and had always been vested in the defendant, and that he had not parted with the same for value or otherwise." This exception involved the merits,

and ought to have been considered by the Circuit Court before ordering a new trial. As this Court has no jurisdiction to pass upon that question, we deem it proper that the cause be retained in the Circuit Court for the purpose of considering the same.

The judgment of the Circuit Court is reversed, and the cause remanded to that Court to consider the appeal from the magistrate on said exception.