STACY v. CHEROKEE FOUNDRY AND MACHINE WORKS.

1. CORPORATIONS—DIRECTOR—TREASURER—QUANTUM MERUIT.—When a
   director of a corporation is elected treasurer, as provided in its by-
   laws, is paid a salary for his first year's service, and upon his elec-
   tion for the second year informs the directors that he cannot serve
   for same salary as last year, upon his performing the services, in
   absence of proof that action was taken on salary by directors, he
   may recover the value of his services.
2. APPEAL—MAGISTRATE.—This Court cannot review findings of fact
   by Circuit Court on appeal from magistrate court.

Before TOWNSEND, J., Cherokee, December, 1903.    Af-
firmed.

Action by F. G. Stacy against Cherokee Foundry and Ma-
chine Works.    From Circuit order reversing magistrate's
judgment, defendant appeals.

*Mr. J. C. Otts,* for appellant, cites: *This Court will review
legal conclusion reached by Circuit Judge on appeal from
magistrate:* 15 S. C., 80; 39 S. C., 338; 41 S. C., 166; 39 S.
C., 55.    *There must be an express agreement to pay a di-
rector for services performed as an officer:* 29 Pa. St., 535;
49 Pa., 118; 134 Pa. St., 348; 28 Am. R., 584; 4 Wend.,
625; 118 N. Y., 629; 75 Mich., 568; 55 Ia., 104; 130 Mass.,
395; 3 L. R. A., 378; 16 L. R. A., 426; 137 U. S., 98; 38
W. Va., 390; 145 Ind., 518; 39 At. R., 309; 61 Ill., 472: 22
Am. R., 89.    *Action as to salary by less than majority of
directors exclusive of recipient does not bind corporation:*
10 Cyc., 709; 12 Am. St. R., 53; 110 Cal., 330; 80 Am. St.
R., 132.

*Mr. J. C. Jeffries,* contra: *A director who is also treasurer
may recover of corporation for his services although no
amount has been agreed on:* 137 U. S., 98; 57 F. R., 543; 33
N. W. R., 100; 91 N. C., 33; 49 N. W., 255; 2 Cook on
Stockholders, 925; 4 Thomp. on Corp., sec. 4007; 41 F. R.,

736; 51 Am. R., 5; 20 Am. R., 670; 59 Am. R., 321; 3 L. R. A., 378; 46 L. R. A., 384; 34 S. C., 217; 94 F. R., 335; 16 Mont., 81; 52 L. R. A., 611.

November 18, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal involves the right of the plaintiff to recover from the defendant the sum of eighty-eight dollars, as compensation for his services as treasurer of the defendant company, from 25th February, 1902, to last days of January, 1903—a period of eleven months. The suit was commenced and tried before a magistrate, whose judgment was against the plaintiff, who appealed therefrom and secured the verdict of the magistrate reversed and a judgment in his, plaintiff's, favor for the sum of $88. The defendant now appeals, and we will consider these grounds of appeal in their order up to the 6th:

"1. Because the Circuit Judge erred as a matter of law in holding (in his Honor's opinion) that the plaintiff was entitled to recover, because he was led to believe before the services were rendered that he would be paid; and it is respectfully submitted that, under the law, where a director performs services clearly outside of his duty as a director, that his salary must be agreed upon by the directors, or the properly constituted authorities, before the services are rendered; and that it is not sufficient, where the trustee relation exists, as in case of a director, for him to be led to believe that he will be paid for his services." It is made to appear from the record that the office of treasurer of the defendant was expressly provided for in the by-laws of the defendant corporation, and that another person had held that office before the 25th February, 1901, receiving a salary; but that the board of directors of the defendant company elected the plaintiff treasurer on the date last mentioned, and in the year 1902 a salary of $75 was paid the plaintiff for his services. In February, 1902, the plaintiff was again elected to this office, but no definite sum was pro-

vided as salary; the plaintiff did tell them he would not serve
for less than $100. At the trial, the plaintiff sought to show
that by the minutes his salary was fixed at the rate of $100
per annum. In lieu of this position, he endeavored to show
by testimony that his services were worth the said sum of
$88. for eleven months service as treasurer. This being a
law case, the conclusions of the Circuit Judge on questions of
fact are not reviewable by us. If, however, it should be
insisted that the conclusions of law of the Circuit Judge is
unsound, we remark that our own case of *Bowen* v. *R. R.*
*Co.*, 34 S. C., 217, 13 S. E., 421, abundantly sustains the
Circuit Judge. This exception is overruled.

"2. Because the Circuit Judge should have found from the
testimony that no salary was agreed upon by directors before
the services were rendered, or even after the services were
performed; and if such agreement was made at the
end of the first year's services, it could not apply or
be construed as to warranting a payment for services
already rendered, but could only apply to services to be
rendered subsequently to time of such agreement, if made."
We do not think the Circuit Judge committed any error, as
here complained of. It was a question of fact—we are not
allowed to consider any questions of fact.

"3. That if any attempt was made to fix a salary for the
plaintiff, and even if such salary was agreed upon at the
end of first year, it was illegal for the services to be rendered
for the last year, because, under the testimony of the plain-
tiff, there was not a quorum of the board of directors, exclu-
sive of the claimant, present when such salary was discussed;
and he should have held, as a matter of law, that such
agreement, even if made, was illegal, because a majority of
the board of directors, exclusive of the plaintiff, were not
present at the time, as testified by the plaintiff." The record
fails to disclose that this question was considered by the
Circuit Judge. His judgment was based upon the testi-
mony, and he found that the plaintiff was fully entitled to
be paid $88. A quorum of the board of directors was there.

The plaintiff was elected treasurer by a full board. His predecessor in office received a salary in excess of that paid plaintiff, as to which he was entitled to be paid. This exception is overruled.

"4. Because the Circuit Judge should have found from the testimony· that the services of the plaintiff were not performed under such circumstances as would show that it was well understood not only by the plaintiff but by the proper corporate authorities that his services were to be paid for; and that as a matter of law, unless such was well understood by both parties, he could not recover." We think the circumstances of this case show conclusively that plaintiff was entitled to the compensation claimed by him. This exception is overuled.

We will next consider the fifth exception.

"5. Because the Circuit Judge should have found from the testimony that the services performed the first year by the plaintiff was without any claim for or expectation of salary, in that the plaintiff testified that no salary was mentioned by any one until after he had served a year; and if such was a fact, under the law, he could not recover." We do not understand that the plaintiff is now suing for his first year's salary. That has been paid. So that the question whether his services as treasurer were not to be paid for during or on account of his first year's salary, is a matter with which we are not now concerned. This exception is overruled.

We will now pass upon exception six, through exception thirteen, inclusive.

"6. Because the Circuit Judge erred in not finding from the testimony and law governing this case that the $75 paid himself as treasurer was for his services the second year, and that he had no legal right to apply such payment for services done and performed before anything was said about salary or compensation.

"7. Because the Circuit Judge erred in not holding that where no salary is fixed, none can be collected by an officer

of a corporation who is also a director, because of the trust relation existing on his part.

"8. In not holding that an officer of a corporation, who is also a director, cannot claim compensation legally on an implied contract, nor can he recover upon a *quantum meruit*.

"9. Because the Circuit Judge erred in not finding from the testimony that there was no agreement to pay plaintiff any salary before his services were rendered.

"10. Because the Circuit Judge erred in not holding that if plaintiff was entitled to a salary under the testimony for the second year, or eleven months of the second year, that he was not entitled to recover, because of the payment to himself of the $75 paid himself by check on February 27th, 1902, which, under plaintiff's testimony, should have been applied to his salary for the last year's services; because, under plaintiff's testimony, nothing was said about salary or compensation until the beginning of the second year's services, and there could be no legal claim for services prior to claim for salary for work admitted to have been performed prior to any agreement or claim of salary.

"11. Because the Circuit Judge erred in passing upon the reasonableness of the salary claimed, when that was not an issue under the plaintiff's exceptions on appeal from the magistrate's findings and rulings.

"12. Because the Circuit Judge's judgment is not based upon the exceptions to the magistrate's judgment, to wit: He did not hold that plaintiff is entitled to recover under an implied contract, as contended in his second exception; he did not hold that he was entitled to salary, although a director, as contended in the third exception; he did not hold that he was entitled to recover, because that the $75 paid himself on February 27th, 1902, was for salary for the previous fiscal year; and he did not base his findings that the plaintiff was entitled to recover upon a *quantum meruit*.

"13. Because the Circuit Judge erred in not sustaining the magistrate's findings on the facts, and in reversing the

magistrate, unless the preponderance of the testimony was against the findings of the magistrate."

The sixth exception cannot be sustained by us. We cannot deal with the testimony.

We have this to say in regard to the position that a salary cannot be collected by a director, when elected to an office in the corporation, if the salary is not first fixed—that such a doctrine would be far-reaching.

As to the position in eighth exception, it is met by the case of *Bowen* v. *R. R. Co., supra.*

The balance of the exceptions relate to weight of testimony. This being a law case, we cannot pass upon them.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is hereby affirmed.