McKEE v. LINTON.

APPEAL—MAGISTRATE.—AN EXCEPTION to judgment in magistrate court
on verdict of jury that it is contrary to the law and the evidence, is
sufficient to bring under review in the Circuit Court the verdict of
the jury.
*Burns* v. *Gower,* 34 S. C., 160, *distinguished from this.*

Before KLUGH, J., Abbeville, June Term, 1905. Af-
firmed.

Action by J. W. McKee, Jr., against Henry Linton and
Asa Bowie. From judgment on Circuit reversing judgment
of magistrate, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *Under the
exceptions here Court could not consider issues of fact:* 34
S. C., 160; Code of Proc., 358, 368. *If landlord consents,
can laborer give a valid lien on crops?* 48 S. C., 267; 22 S.
C., 548; 56 S. C., 476; 57 S. C., 507.

*Mr. Frank B. Gary,* contra, cites: *There was no valid lien
in this case:* Code 1902, 3059; 3 S. C., 46; 72 S. C., 31.

July 11, 1906. The opinion of the Court was delivered
by
MR. JUSTICE WOODS. The plaintiff recovered judgment
in a magistrate's court, which was reversed on appeal to the

Circuit Court. The Circuit Judge thus concisely states the issues made by the pleadings: "The complaint alleges, in substance, that the defendant Linton was a laborer for one-half of the crops made by him for the defendant Bowie; that he applied to the plaintiff to furnish him supplies to make said crops, promising to secure the account by a lien on his half of said crops; that the defendant Bowie consented for plaintiff to take such a lien, and that thereupon the plaintiff took the lien and advanced the supplies; that in the fall when the account fell due the two defendants conspired to cheat and defraud the plaintiff, and sold and disposed of said crops intending to cheat and defraud the plaintiff, and refused upon repeated demands to pay the plaintiff his just dues. The defense was a general denial."

The legal question before the magistrate's court was whether a paper given by a laborer working for a share of the crop purporting to be an agricultural lien for advances would be made valid as such by reason of the fact that the landlord had verbally consented to the lien and agreed to see that the laborer's share of the crop should be applied to it. Against the requests of defendant the magistrate charged: "If the defendant Bowie agreed or consented for Henry Linton to give a lien on his part of the crop, and then allowed and abetted said Linton to make way with said crop, so as to defraud the plaintiff, then he was liable for the debt."

All the specific exceptions in the appeal to the Circuit Court related entirely to alleged errors of law committed by the magistrate in his charge, the stress being on the exception to the portion of the charge just quoted. These grounds of appeal were not passed on but expressly waived by the Circuit Judge, who held even if the magistrate was right in his view of the law, the verdict should have been for the defendants, because the evidence did not support the finding of fact upon which the verdict was necessarily based, that Bowie, the landlord, gave consent to the lien from Linton, the laborer. On his conclusion as to this issue of fact

the Circuit Judge reversed the judgment of 'the magistrate and dismissed the complaint.

The plaintiff as appellant here maintains the judgment of the Circuit Court must be reversed because there was no ground of appeal from the magistrate's court definitely setting out any specific error in the findings of fact, and in support of this position relies on the case of *Burns* v. *Gower*, 34 S. C., 160, 13 S. E., 331. That case, however, is clearly distinguished from this. There the magistrate himself tried the cause without a jury and rested his judgment on specific findings of fact as to distinct issues in the cause, and it was quite reasonable to require that "the grounds of exception" required by the statute should definitely challenge the specific findings of fact made by the magistrate. Here the case was tried by a jury, whose verdict did not 'indicate except inferentially what view they took of any particular fact; and the Court will not in such a case require of an appellant the impossible task of ascertaining and stating the conclusions of the jury as to particular issues of fact and pointing out the specific errors. We do not perceive how the verdict of a jury can be more definitely challenged as to an issue of fact than by alleging it to be contrary to the evidence. The defendant's last ground of appeal from the magistrate's court alleged that "the judgment was in all respects contrary to the law and evidence in the case," and this was sufficient to bring under the review of the Circuit Court the verdict of the jury. For the reasons above stated, the cases of *Mole* v. *Folk*, 45 S. C., 265, 22 S. E., 822; *Peebles* v. *Cummings*, 45 S. C., 107, 22 S. E., 730, and others holding, that an exception is too general which alleges a finding of fact in a decree or a report or an instruction to the jury to be contrary to the law and the evidence, have no application to this case.

The reversal of the magistrate's judgment as to the defendant Linton was doubtless an inadvertence, as there could be no question of the plaintiff's right to recover against him, under the allegations of the complaint and the proof, the unpaid balance of his account. The judgment of the Circuit

Court dismissing the complaint as to Linton must, therefore, be reversed, and the judgment of the magistrate's court affirmed.    As to Asa Bowie, the judgment of the Circuit Court is affirmed.