7723

### A. & E. LEATHER GOODS CO. v. SENTZ.

1. APPEAL—MAGISTRATE COURT.—Under exceptions on appeal from magistrate court asking for new trial, Circuit Judge may remand the case for new trial or may render final judgment according to the justice of the case, and if such judgment is based on an issue of fact, it is not reviewable here.

2. REHEARING refused.

Before MEMMINGER, J., Richland, December, 1909. Affirmed.

Action by A. & E. Leather Goods Co. against Charles F. Sentz, in court of magistrate James H. Fowles, Jr. From circuit judgment reversing judgment of magistrate and giving judgment for plaintiff, defendant appeals.

*Messrs. DePass & DePass,* for appellant, cite: *Circuit Judge cannot grant more relief than exceptions ask for:* 34 S. C. 160.

*Mr. W. H. Townsend,* contra, cites: *Circuit Court can review findings of fact on appeal from magistrate:* 74 S. C. 367; 79 S. C. 198; 80 S. C. 360; Code Proc. 368, Sub. 4, 5; 64 S. C. 411; 80 S. C. 522; 3 N. W. 518; 3 N. J. L. 506.

The opinion in this case was filed October 22d, but held up on petition for rehearing until

November 29, 1910. The opinion of the Court was delivered by

Mr. Chief Justice Jones. The plaintiff sued defendant before a magistrate for the price of a lot of leather goods of the value of $56.25, alleged to have been sold him by plaintiff on December 3, 1907. The magistrate rendered judgment against defendant for the amount of $7.50, which defendant admitted to be due, but on appeal to the Circuit Court, Judge Memminger upon the evidence reversed the judgment of the magistrate and gave judgment for plaintiff for the full amount claimed.

On November 30, 1907, defendant ordered plaintiff to ship on "'memorandum'" invoice a lot of leather goods, stating that he would return those not wanted. The goods were shipped on December 3, 1907, and were received by defendant on December 7, 1907. On December 12, 1907, plaintiff wrote defendant a letter, which was stamped and deposited in the postoffice properly addressed, stating that on December 17, 1907, regular bill for goods would be issued and all goods kept to that time would be charged to defendant's account and could not be credited after that date. Defendant testified that he did not receive this letter, and received no request to report, that it was the custom with this class of goods received on memorandum to keep them thirty days unless otherwise stipulated and the goods are returned when they write you, that it is no sale unless you receive a regular bill. On January 13, 1908, defendant made report on the memorandum of December 3, 1907, and deposited the goods in the express office for return to plaintiff, except one article which defendant had sold for $7.50. In a prior transaction between the parties goods shipped on memorandum were returned within five days except such as were kept and paid for. Plaintiff contended in its further correspondence with defendant that the goods were shipped on ten days memorandum and defendant contended that there was no specification of time in which to report.

On appeal from the magistrate plaintiff asked for reversal and new trial on the ground that the verdict was

contrary to the preponderance of the evidence and that the magistrate and jury should have found that the defendant had only a reasonable time within which to return the goods and that he did not exercise his option within a reasonable time. The Circuit Court held that the verdict and judgment were against the weight of the evidence and as stated gave judgment for plaintiff for the full amount claimed.

Defendant-appellant now contends that the Circuit Court erred in granting more relief than the exceptions to the judgment of the magistrate asked for, and in the event of reversal and a new trial the Court should have ordered a new trial before the magistrate and not have rendered final judgment upon the facts. We do not think that the fact that the exceptions to the magistrate's judgment asked for a new trial operates to restrict the power of the Circuit Court to ordering a new trial before the magistrate. The case of *Wideman* v. *Patton*, 64 S. C. 410, 42 S. E. 190, shows that he may have remanded the case for a new trial had he seen fit to do so, but under Section 368 of the Code of Procedure, which authorizes the Circuit Court to give judgment according to the justice of the case, and that in giving judgment the Court may affirm or reverse the judgment of the magistrate in whole or in part, for errors of law or fact, the Court had ample power in reversing the judgment of the magistrate to render judgment according to what he determined to be the justice of the case.

The Constitution and statutes place no restriction upon the Circuit Court in hearing appeals from magistrates on questions of fact. *Redfern* v. *Douglas*, 35 S. C. 570, 15 S. E. 244. The exception to the judgment of the magistrate was sufficient to authorize review of the facts by the Circuit Court. *McKee* v. *Linton*, 74 S. C. 511, 54 S. E. 1016. Unless the judgment of the Circuit Court is without any supporting evidence it is final and not reviewable in this Court. *Stacy* v. *Cherokee Machine Works*, 70 S. C. 178,

49 S. E. 223; *James* v. *Northwestern R. R. Co.*, 70 S. C. 554, 50 S. E. 504.

The judgment of the Circuit Court is affirmed.

November 29, 1910. PER CURIAM. Upon consideration the within petition is dismissed and the stay of remittitur revoked.