### 10208

### GOSSETT v. GLADDEN.

### (99 S. E. 752.)

1. JUSTICES OF THE PEACE—ORDERS APPEALABLE—GRANT OF NEW TRIAL. —An order of a magistrate, granting a new trial on the ground of after-discovered evidence, is appealable to the Circuit Court.

2. APPEAL AND ERROR—MATTERS REVIEWABLE—FACTS BY INTERMEDIATE COURT.—The facts found by the Circuit Judge on an appeal from an order of a magistrate granting a new trial on the ground of after-discovered evidence are not reviewable by the Supreme Court

Before SEASE, J., Spartanburg, ―― term, ――. Affirmed.

Action by A. C. Gossett against John T. Gladden before a magistrate. Judgment for plaintiff. An order for new trial was entered which, on plaintiff's appeal to the Circuit Court, was reversed, and defendant appeals.

*Mr. A. E. Hill,* for appellant, submits: *Magistrates have the same power to grant new trials as Circuit Judges:* Code of Procedure 1912, sec. 97, subd. 17. *If magistrates have the same power to grant new trials as the Circuit Judges, magistrates have discretionary power to grant new trial on after-discovered evidence:* 14 S. C. 428; 14 S. C. 620; 15 S. C. 540; 16 S. C. 116; 16 S. C. 416; 33 S. C. 40. *The appellate jurisdiction of the Circuit Courts in cases originating in the magistrate Court does not embrace the hearing of*

*motions for new trials in the latter Court upon the ground of after-discovered evidence. An appeal necessarily involves the idea of reviewing some action of the Court below alleged to be erroneous, and a motion for a new trial upon the grounds of after-discovered evidence does not involve such an idea:* 33 S. C. 402. *The weighing of the facts and the use of discretion in the granting of new trials is clearly within the province of the magistrate:* Code of Civil Procedure, sec. 97. *The Circuit Court cannot review findings of fact to which no exceptions were taken:* 36 S. C. 166. *The magistrate who heard the case is much more competent to determine the questions than the Circuit Judge could be:* 56 S. C. 124. *The Circuit Court shold not interfere unless some palpable error has been made by the magistrate:* 62 S. C. 568. *Motions for new trials are addressed to the discretion of the Court, and that discretion will not be disturbed, unless it appears that there was abuse, or that the exercise of discretion was by some error of law:* 38 S. C. 227 ; 87 S. C. 158; 89 S. C. 52; 93 S. C. 202.

*Messrs. Carson, Boyd & Tinsley,* for respondent, submit : *To entitle a party to a new trial upon the ground of after-discovered evidence, he must make at least three facts appear to the satisfaction of the Court:* 1st. *That it was discovered after the former trial.* 2d. *That it could not, by the use of due diligence, have been discovered at or before the former trial.* 3d. *That it is material:* 33 S. C. 401; 38 S. C. 227; 39 S. C. 416; 62 S. C. 571. *An appeal is allowed by law to the Circuit Court from an order of trial justice granting a new trial:* 35 S. C. 569. *The right of respondent to have the Circuit Court review the action of the magistrate in granting a new trial was not raised before the Circuit Court by motion to dismiss appeal or made a ground of appeal to this Court, and, therefore, the action of the Circuit Court is not reviewable by this Court:* 35 S. C. 509. *The finding of the Circuit Court that the evidence tendered by appellant*

*in support of the motion for a new trial was not new evidence is a finding of fact not reviewable by this Court:* 35 S. C. 569; 70 S. C. 216.

June 27, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the following order of the Circuit Court:

"This case comes before me on appeal from an order of Magistrate L. K. Jennings, granting a new trial. The magistrate gave judgment for the plaintiff for the amount sued for. The defendant thereafter made a motion for a new trial on the ground of after-discovered evidence, which motion was supported by affidavits. The magistrate granted the motion and ordered a new trial of the case. The plaintiff thereupon gave notice of appeal from the order and filed exceptions. The exceptions, however, raised substantially but one question, to wit: Did the affidavits show that the defendant had discovered new evidence after the first trial which could not have been discovered by the use of due diligence? In my opinion, the defendant failed to show that he was entitled to a new trial, and the magistrate erred in granting the motion. The affidavits submitted, assuming that the facts therein stated are true, do not make out a case of after-discovered evidence, but are mere recitations of the fact which, from their nature, must have been and were within the knowledge of the defendant when the first trial was had.

"It is, therefore, ordered and adjudged that the exceptions be sustained, the judgment of the magistrate granting a new trial reversed, and the judgment for the plaintiff, given by the magistrate on the first trial of the cause, affirmed."

The only questions raised by the exceptions are of fact.

The order of the magistrate, granting a new trial on the ground of after-discovered evidence, was appealable to the Circuit Court; but the facts found by his Honor, the Circuit Judge, are not reviewable by this Court. *Redfearn v. Douglass,* 35 S. C. 569, 15 S. E. 244; *Speer v. Meschine,* 46 S. C. 505, 24 S. E. 329; *Leather Goods Co. v. Sentz,* 87 S. C. 267, 69 S. E. 390.

Appeal dismissed.